UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV40-EHJ

CHRISTOPHER HOLT                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                          DEFENDANT

### MEMORANDUM OPINION

This case is before the Court upon plaintiff Christopher Holt's objections to the proposed Findings of Fact, Conclusions of Law, and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Findings of Fact, Conclusions of Law, and Recommendation of the magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Mr. Holt filed applications for Disability Insurance and Supplemental Security Income benefits on September 17, 2002, alleging that he became disabled on August 15, 2001 as a result of bulging discs in his neck and back and arthritis in his back (Tr. 66). After a hearing on April 26, 2004, Administrative Law Judge Roger L. Reynolds ("ALJ") found that Mr. Holt has severe impairments including chronic neck and low back pain secondary to degenerative disc disease with disc bulging at C5-6, C6-7, C7-T1 and L5-S1, and a history of alcohol and marijuana abuse in remission. The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments (Tr. 21). Though he cannot return to his previous relevant work, the claimant was found to retain the residual functional capacity to perform a significant range of light work.

The claimant appealed the ALJ's unfavorable Decision to this Court, and the magistrate has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the magistrate's report, arguing that the ALJ failed to correctly apply the law in granting plaintiff a full and fair Social Security hearing and urging that plaintiff's request for a supplemental hearing should have been granted pursuant to HALLEX I-2-7-30-I. The Court notes that the HALLEX guidance manual is not a substantive administrative regulation, nor does it carry the force of law. Nonetheless, the Court will address whether or not the claimant was otherwise entitled to a supplemental hearing based upon the post-hearing evidence of Dr. Ellington's consultative examination.

As contemplated in <u>Flatford v. Chater</u>, 93 F.3d 1296 (6th Cir. 1996), there are some circumstances in which a claimant's ability to cross-examine post-hearing evidence is reasonably necessary for the administration of a full and fair hearing. In this instance however, the Court fails to see how cross-examination of Dr. Ellington, the consultative examiner whose report was filed of record following the initial hearing, would have been helpful to plaintiff's case. Plaintiff contends that an additional hearing was necessary to discuss and resolve conflicts in the evidence. However, the Court has reviewed the ALJ's Decision and finds only one reference to Dr. Ellington's report which, when read in context, appears to be cited only in that it is consistent with the findings of plaintiff's own treating physicians Drs. El-Naggar and Rutledge (Tr. 21). The ALJ did not rely upon the findings of Dr. Ellington in reaching his decision, and thus a supplemental hearing was unnecessary.

Next plaintiff argues that he meets Listing 1.04A, and in support cites to a cervical MRI which shows stenosis at C5-6 and C6-7 and compromised nerve roots. However, to meet the listing

2

referenced, plaintiff must also suffer from neuro-anatomic distribution of pain consistent with the specific nerve root impingement, limitation of motion in the spine, motor loss accompanied by sensory or reflex loss, etc. While plaintiff has demonstrated that he suffers from some of the criteria necessary for Listing 1.04A, he has nonetheless failed to meet his burden of proof in establishing that he fully meets the listing. The medical records from his treating physicians in February 2003 indicate that there is no tenderness in the cervical facet joints, spinous processes or paraspinal muscles, his range of motion is intact as is his upper extremity strength and sensation. Records from February 2004 indicate symmetrical reflexes in the upper extremities. More importantly, in office notes following the May 16, 2003 MRI, Dr. El-Naggar discusses the MRI findings, but notes, "At this time he does not have clinical evidence of cervical radiculopathy."

After reviewing the record in its entirety and conducting a de novo review of the matters raised by plaintiff's objections, the Court finds no misapplication of the law. The magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted.

A judgment in conformity has this day entered.